[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the plaintiff's motion for contempt, an accounting, and the escrow of funds.
The plaintiff has sued the defendant seeking a dissolution of the parties' marriage. On September 18, 1995, the court issued pendente lite orders, pursuant to an agreement between the parties, which orders included the granting of a motion for a restraining CT Page 1412-F order, applicable to both parties, which motion was dated July 21, 1995. The restraining order prohibited the parties from disposing of personal and business assets except that the parties could use their personal bank account funds for living expenses and the defendant could use business bank account funds for business expenses.
At the time of the granting of this motion, the defendant operated a retail, country western dance accoutrement store, located on premises which he leased from a third party. The third party landlord has since the issuance of the order terminated the defendant's lease, and the defendant is obligated to vacate the premises. In response to the loss of store space, the defendant has begun to liquidate the store inventory and wind down this business.
The plaintiff contends that this liquidation of inventory contravenes the court order and constitutes civil contempt. The court agrees.
The September 19, 1995, order incorporated the granting of the July 21, 1995, motion for a restraining order. That motion specifically requested the prevention of liquidation of tangible assets. The selling off of the business inventory was a deliberate business decision by the defendant. The court finds that the defendant wilfully disregarded the order of the court precluding such liquidation.
The court recognizes, however, that the termination of the defendant's lease makes liquidation of inventory a prudent course of action from a financial standpoint. Therefore, the court modifies its previous order to permit the defendant to continue to wind down this business by liquidating the inventory. The defendant is ordered to turn over to his attorney the proceeds of this liquidation except for those funds reasonably necessary to wind down the business, such as the payment of rent, taxes, and utilities. The defendant's attorney is ordered to safeguard such proceeds in an escrow account. The defendant is further ordered to provide to the plaintiff's attorney, through his own counsel, an accounting of the proceeds already received as a result of the liquidation and disbursements made from such proceeds. The defendant will also provide a monthly accounting of such proceeds and disbursement until the liquidation of inventory is complete commencing April 1, 1996. CT Page 1412-G
No attorney's fees are awarded at this time.
Sferrazza, J.